Filed 9/12/22  P. v. Mills CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>TRAVIS JON MILLS,<br><br>　　　Defendant and Appellant. | A164413<br><br>(Lake County<br>Case No. CR959193) |

　　　Between 2019 and 2020, appellant Travis Jon Mills, who was over 30 years old, had a sexual relationship with a minor female.

　　　On September 1, 2021, the Lake County District Attorney filed an information charging Mills with nine counts of unlawful sexual intercourse with a minor under the age of sixteen (Pen. Code, § 261.5, subd. (d)[1]; counts 1, 3, 5, 7, 9, 11, 13, 15, & 17); nine counts of lewd and lascivious act on a fifteen-year-old (§ 288, subd. (c)(1); counts 2, 4, 6, 8, 10, 12, 14, 16, & 18); one count of possession of child pornography (§ 311.11, subd. (a); count 19); seven counts of oral copulation of a minor under the age of sixteen (§ 287, subd. (b)(2); counts 20, 21, 22, 23, 24, 25, 26); and one count of sodomy of a minor under the age of sixteen (§ 286, subd. (b)(2); count 27.).

---

[1]　　　All further statutory references are to the Penal Code.

1

On November 30, 2021, having waived his rights, Mills pleaded no contest in an open plea to four counts (2, 4, 6, 8) of lewd and lascivious acts on a minor under the age of sixteen in violation of section 288, subdivision (c)(1), in exchange for the dismissal of all other charges.

On January 10, 2022, the trial court sentenced Mills to the midterm of two years on count 2 and imposed consecutive 8-month sentences on counts 4, 6, and 8 because the crimes were committed at different times. He was awarded two days of custody credit for time served pursuant to section 2900.5 and no days of conduct credit. Fines and fees were waived based on inability to pay. On January 20, 2022, Mills filed a notice of appeal, checking the box on the Judicial Council form that the appeal was based on "the sentence or other matters occurring after the plea that do not affect the validity of the plea."

On March 30, 2022, Mills's appellate counsel requested the court correct the custody credits in the abstract of judgment to add 2 days of conduct credits pursuant to section 4019, subdivision (f), which provides that "a term of four days will be deemed to have been served for every two days spent in actual custody." The court made the correction and amended the abstract of judgment to reflect 2 days of custody credits and 2 days of conduct credits.

Appellate counsel has filed a brief asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, to determine whether there are any arguable issues on appeal. Appellate counsel has averred that Mills was advised of his right to file a supplemental brief, but he has not filed such a brief. Having independently reviewed the record, we conclude there are no issues that require further briefing and affirm the judgment.

**DISPOSITION**

The judgment is affirmed.

_____
Petrou, J.

WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Rodríguez, J.

A164413/*People v. Mills*